NOTICE: This entry order is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

## ENTRY ORDER

2026 VT 30

SUPREME COURT CASE NO. 26-AP-199

JULY TERM, 2026

| | | |
|---|---|---|
| In re Stephen Girdwood (Office of Disciplinary Counsel) | } } } } } } | Original Jurisdiction: Professional Responsibility Board CASE NO. PRB-111-2026 |

In the above-entitled cause, the Clerk will enter:

¶ 1.     This Court received notice that respondent Stephen Girdwood, an attorney admitted to practice in Vermont, was placed on immediate interim suspension status by the New Hampshire Supreme Court in January 2026. Respondent assented to the allegations against him and to the immediate interim suspension. The New Hampshire Supreme Court found that respondent violated: Rule 1.15 of the New Hampshire Rules of Professional Conduct and New Hampshire Supreme Court Rule 50 by mishandling, commingling, and misappropriating funds that he was holding in escrow; Rule 4.1 of the Rules of Professional Conduct by knowingly failing to disclose to opposing counsel and her client his treatment of the escrowed funds; Rule 8.4(b) of the Rules of Professional Conduct by committing a criminal act under New Hampshire law; Rule 8.4(c) of the Rules of Professional Conduct by falsely stating to opposing counsel that he had mailed a check for her client's portion of the escrowed funds, when he had, in fact, misappropriated those funds; and Rule 8.4(a) of the Rules of Professional Conduct by engaging in those actions.

¶ 2.     Our rules provide that thirty days after receiving notice that a Vermont licensed attorney has been disciplined in another jurisdiction, this Court "shall impose the identical discipline unless the Court finds that upon the face of the record from which the discipline is predicated it clearly appears, or disciplinary counsel or the lawyer demonstrates," that such discipline would be unwarranted under the grounds set forth in Administrative Order 9, Rule 24(D). Accordingly, this Court issued an order providing respondent and Disciplinary Counsel the opportunity to inform the Court within thirty days of any claim that the imposition of identical discipline by this Court would be unwarranted on such grounds. Absent such a showing, the imposition of discipline for misconduct in another jurisdiction "establish[es] conclusively the misconduct" for the purpose of imposing the identical discipline in this State. A.O. 9, Rule 24(E).

¶ 3.     Neither respondent nor disciplinary counsel raised any claim that the imposition of identical discipline would be unwarranted.  Finding no basis in the record to conclude that the imposition of identical discipline in this State would be unwarranted, we hereby place respondent on immediate interim suspension status.

Respondent Stephen Girdwood is hereby placed on immediate interim suspension status. Respondent shall comply with the requirements of Administrative Order 9, Rule 27.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice


_____
Christina E. Nolan, Associate Justice


_____
Michael P. Drescher, Associate Justice